## No. 6891.

### THE STATE vs. ANDREW BRADLEY ET AL.

The absence of a witness is not ground for continuance in a criminal case, unless the defendant, in his application for a continuance, makes oath that he can not prove by any other witness, the facts he seeks to prove by the absent witness.

Where three persons have been jointly indicted for the same crime, the condemnation and sentence of two of them will not be disturbed, because the verdict against the two was rendered in the absence of the third.

Where the defendant in a criminal proceeding, pending the argument on his motion for a new trial, moves to amend his motion, on new and different grounds that alter its substance, it is within the reasonable discretion of the court to allow, or refuse the amended motion.

Except in cases of conviction for felonies, it is not necessary to ask the accused if he has any thing to say why the sentence of the law should not be pronounced on him, when it appears that no prejudice to the accused resulted from not putting the question.

A PPEAL from the Eighth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

*H. N. Ogden*, Attorney General, for the State.

*Lewis & Brother* and *Henry L. Garland* for defendants.

The opinion of the court was delivered by

EGAN, J. The defendants were indicted, tried, and found guilty of petty larceny. Ben Brown, one of the defendants, failed to appear after verdict to receive sentence; his co-defendants were sentenced: Andrew Bradley to twelve months imprisonment in the Penitentiary and Jack Bradley to nine months. They have appealed. Three errors are assigned:

First—That the court improperly overruled an application for continuance on account of the absence of a material witness, for the reason that the defendants did not swear that they could not prove the same facts by any other witness or witnesses known to affiants.

This point was expressly ruled in the same way in the State vs. Mollie Robinson, 29 An. 364. See, also, 6 An. 556. The court did not err.

Second—That the indictment and trial being joint, the court erred in allowing a verdict to be rendered against two of the defendants in the absence of the other without ordering a severance. When a joint offense is laid and can be proved, it is considered in law as a several indictment against each. And if only one of two defendants, so indicted as principals, be in custody at the time of the assizes or sessions when the indictment ought to be tried, he may be tried alone upon it; and whether he be convicted or acquitted the other when apprehended may afterward be tried upon it and convicted. Archbold's Crim. Prac. and Pleadings, 7th ed., p. 318. Such, also, is the express provision of our own law. If the trial may be separate we have been referred to no authority, and we see no reason why if these defendants were present at the rendering of the joint verdict they were deprived of any right or advantage which they might otherwise have exercised. The absence of their co-defendant could not prevent their moving for or obtaining a new trial or in arrest of judgment; nor could or did it increase or aggravate the sentence to be pronounced upon them.

Third—The court is charged to have erred in overruling defendant's amendment to his motion for a new trial upon the ground of newly discovered evidence. The bill of exceptions discloses that the defendants had not only filed one motion for new trial, but that its consideration was taken up by the court and argument heard upon it, when motion hour having ended for that day further argument on the motion was adjourned till the following day, when just as the argument was about to be resumed defendant's counsel offered the amended motion for filing, which was objected to by the District Attorney and the objection sustained by the court. It seems that this was not the indictment nor even the appearance term; that the defendants had already applied for a continuance, which was overruled as we have seen, and that four or five days had elapsed between the filing of the original motion for new trial and the proposition to amend, which was upon entirely different grounds and altered the substance of the application. All this appears from the opinion of the court in the record, who cites 2d H. D., p. 1184, e. No. 2, and authorities cited. He further states that reasonable time to apply for and obtain a new trial had already been allowed, and " that to establish the principle that a defendant could file an application for a new trial, and then offer amendments thereto from day to day would be to

State vs. Bradley et al.

interpose an insuperable barrier to the rendition of judgment and pass-
ing of sentence in a criminal case." He quotes the language of this
court, 29 An. 365, that courts are established to try causes, and of neces-
sity must have some discretion and control in the manner of conduct-
ing them. We are not prepared to say that with a knowledge of the
parties, the facts, and standing of the case this discretion was improp-
erly exercised in the present case, notwithstanding that we can conceive
of cases in which a court might consider favorably such an application.

The defendant's counsel assigns as error in this court that the
record as evidenced by the minutes fails to show that defendants were
asked "if they had any thing to say why the sentence of the law should
not be pronounced on them." Were this a capital case, the objection
would be good, and while we deem it well to observe this ancient form
in all felonies at least, the absence of its observance where no injury or
privation of opportunity to the accused to take any steps or interpose
any objections is not fatal, especially where as in this case the defendants
appeared personally in court to receive their sentence without any objec-
tion of record. See 1st Archbold's Criminal Practice and Pleadings, 7th
ed. p. 676, citing 1st Chitty's Crim. Law, 700, and other authorities.

It is therefore ordered, adjudged, and decreed that the verdict and
sentence appealed from be and they are affirmed with costs.