491 So.2d 454 (1986)
STATE of Louisiana
v.
Timothy MAGEE.
No. KA 85 1452.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*455 Julian J. Rodrigue, Covington, for defendant-appellant Timothy Magee.
William J. Burris, Franklinton, for plaintiff-appellee State of La.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
Defendant, Timothy Magee, was charged by bill of information with attempted forcible rape. He was tried by a jury, which convicted him as charged; and he was subsequently sentenced to serve three years at hard labor, with the first year to be without benefit of probation, parole or suspension of sentence. He has appealed, urging seven assignments of error, to wit:
1. The trial judge erred in denying defendant's motion for a new trial based on the sufficiency of the evidence.
2. The trial judge erred in denying defendant's motion for a new trial based on the state's failure to prove an essential element of the crime.
3. The trial judge erred in refusing to grant a new trial based on the state's failure to prove defendant's intent to commit the crime.
4. The trial judge erred in denying defendant's motion for a new trial based on the court's erroneous ruling on defendant's motion to quash the prosecution.
5. The trial judge erred in refusing to grant defendant's motion for a post-verdict judgment of acquittal.
6. The trial judge erred in denying defendant's motion in arrest of judgment.
7. The trial judge erred in refusing to grant a new trial on the grounds previously set forth and, further, because the verdict is contrary to the law, the evidence, and the jurisprudence of the state.
Defendant's brief concerning assignment of error number one does not contain a specific allegation of error, citation of authority, or principle of law. Therefore, we consider this assignment abandoned. Uniform *456 RulesCourts of Appeal, Rule 2-12.4.

FACTS
Defendant was charged with the attempted forcible rape of a co-worker. Trial testimony established that several employees of the Bogalusa, Louisiana, construction company, including defendant and the victim, enjoyed an afternoon card game while their employer was out of town. Most of the participants drank beer while the game was in progress. During the course of the game, the victim lost approximately $8.00 to defendant, and promised to return the money later that day.
The victim left work in the early afternoon, returning to her trailer to bathe and refresh herself. While she was seated in the bathtub, she heard the front door open and someone call her name. Thinking it was her brother-in-law, who lived next door, the victim responded that she was in the bathtub and invited him into the trailer to wait for her.
Defendant walked into the bathroom as she sat in the tub. She told him to "get the hell out," and he turned and walked out towards the front door. The victim got out of the tub and hurriedly began drying herself. Defendant returned, naked, to the bathroom and grabbed her arms. She immediately began struggling with him, attempting to escape. Defendant threatened her if she continued to resist. He attempted to kiss her; and she bit his tongue, causing substantial bleeding. Defendant attempted to penetrate her; he was not successful, however, and ejaculated on her legs and the floor.
Afterwards, defendant apologized for his actions. He also threatened future harm if she told anyone what had occurred. He stayed in the trailer until she had dressed herself, and they both left to drive back to town. The victim saw a friend along the way and stopped to talk to her for a few minutes. Because the victim was so upset over the incident, the friend accompanied her to the home of the victim's mother; and they contacted the Washington Parish Sheriff's office. A warrant was obtained for defendant's arrest and he was arrested the following day.
After his arrest, defendant gave a taped statement which was played to the jury. In the statement, he admitted he went into her trailer and walked into the bathroom. He further admitted that she asked him to leave but, instead, he took off his boots and pants and went back into the bathroom. He claimed he grabbed and hugged her and that she struggled for ten to fifteen minutes before he stopped "cause that wasn't what she wanted."
Defendant also testified at trial. He again admitted that he went to her trailer and returned to the bathroom after she first ordered him to leave. He claimed, however, that the struggle which ensued was occasioned because "she went berserk," and that he was only trying to keep her from hurting herself.

VALIDITY OF CRIME CHARGED
In assignments of error four and six, defendant submits the offense of which he was convicted cannot exist. In assignment of error number four, he argues the trial court erred in denying his motion for a new trial based on the court's ruling denying a motion to quash the prosecution because it is not punishable under a valid statute. In assignment of error number six, he argues the trial court erred in denying his motion in arrest of judgment on the same ground.
Defendant claims the offense of attempted forcible rape cannot exist if the victim does overcome the force by an act of resistance. He argues, therefore, that since it is impossible for the state to prove the element of "resistance preventing the rape," the crime of attempted forcible rape cannot be proven.
In interpreting the articles of the criminal code, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context and with reference to the purpose of the provision. La.R.S. 14:3. In order to attempt *457 to commit a crime an offender must actively desire to cause the specific results required by a particular criminal statute and do or omit an act for the purpose of and tending toward the accomplishing of his object. La.R.S. 14:10, 27.
Accordingly, in order to commit attempted forcible rape, an offender must actively desire to commit rape by preventing the victim from resisting the act by force or threats where the victim may reasonably believe that such resistance would not prevent the rape. See State v. Parish, 405 So.2d 1080 (La.1981). See also State v. Turnbull, 377 So.2d 72 (La.1979). An offender who has the specific intent to commit a rape by threatening or forcing his victim into submission and who does an act in furtherance of his goal has committed the offense of attempted forcible rape even if his victim successfully repels the threats or force.
These assignments of error have no merit.

SUFFICIENCY OF THE EVIDENCE
In assignments of error two, three, five and seven, defendant submits the evidence is not sufficient to support the verdict.
In assignment of error number five, defendant contends the evidence is not sufficient because the victim's conduct was not indicative of fear or trauma. He implies, moreover, that the victim actually facilitated the incident by failing to lock the door to the bathroom or flee from the trailer. He further argues the conduct of the victim after the incident, that is, by stopping to talk to a friend as she drove to her mother's home, did not indicate that she was in fear. Finally, he submits the state made no attempt to check the victim's trailer for corroborating evidence.
The victim testified that when she saw defendant in the bathroom she told him to "get the hell out." Defendant's confession and testimony at trial confirm that she ordered him to leave. Defendant testified he did not interpret her request to leave as rejection because, "You can say something else and not mean it. Your body can express yourself better than your own words can." He testified that he took off his pants and boots and went back into the bathroom because, "... she didn't get too upset when I first went in the bathroom." He testified that he asked her, "Ain't this what you want?" and she responded, "No, if you took it that way, I didn't mean it that way." It is obvious, therefore, that, notwithstanding defendant's interpretation of the events, the victim did not induce or facilitate the offense.
Defendant states the victim's conduct after the incident did not indicate fear or trauma. However, his own testimony established that she was, indeed, traumatized by the incident. He testified that she went berserk when he tried to restrain her, and, "I was doing all I can to keep her from scratching my eyes out." Moreover, the victim testified she stopped and talked to her friend because, "I was pretty well shaken up and she went over to my mother's with me."
Defendant's argument that the state did not obtain corroborating evidence (other than photographs of the severe bruises inflicted upon the victim) and, therefore, the evidence is somehow suspect, is without merit. The testimony of the victim alone is sufficient to prove the elements of the offense. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1347 (La.1984). This assignment of error is without merit.
In assignment of error number two, defendant argues the state failed to prove that the victim was prevented from resisting the act by force or threats of physical violence. He argues the crime did not occur because the victim did resist the act and there was no rape. This argument appears to be a restatement of his contention that the crime of attempted forcible rape cannot exist, an argument which we have already found to be without merit. The record firmly establishes that the victim rejected defendant's advances and is replete with evidence of her resistance.
*458 The victim testified that defendant threatened to "knock my head off if I didn't do what he said." Although defendant testified at trial that the struggle occurred as he tried to prevent the victim from hurting herself, in his taped statement taken after his arrest he stated that he wrestled with her and tried to get the victim to have sex with him for "possibly ten to fifteen minutes." This assignment of error has no merit.
In assignment of error number three, defendant argues the state failed to prove defendant intended to commit forcible rape. The victim testified, however, that she felt he was going to rape her, and that he would ultimately be successful. She testified that he told her to spread her legs and threatened her when she refused. Defendant grabbed her legs and tried to spread them apart. The testimony of the victim established that defendant intended to commit rape. See State v. Johnson, supra.
Although defendant testified he had no intention to rape the victim but merely sought consensual relations, he also clearly testified he did not accept her obvious rejection of him. Moreover, it is obvious that the jury rejected defendant's implications that the victim induced the offense. His statement upon arrest and his testimony at trial are totally contradictory. Further, when asked on cross-examination if he removed his clothing and returned to the bathroom intending to have sexual relations with the victim, defendant claimed he intended only to talk to her. The record belies defendant's assertion that he intended only casual conversation.
In assignment of error number seven, defendant urges the trial judge erred in refusing to grant a new trial based on the assignments of error previously noted.
A motion for post-verdict judgment of acquittal is the proper vehicle for the assertion that the evidence is not sufficient to support the verdict. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Defendant did file such a motion, discussed under assignment of error number five. We have previously reviewed defendant's arguments concerning the sufficiency of the evidence and the existence of the crime of attempted forcible rape. This assignment of error has no merit.
For these reasons, we affirm the conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.