537 So.2d 1200 (1989)
STATE of Louisiana, Plaintifff-Appellant,
v.
Karl R. DUPRE, Defendant-Appellee.
No. CR88-177.
Court of Appeal of Louisiana, Third Circuit.
January 10, 1989.
Writ Denied April 21, 1989.
*1201 Morgan Goudeau, Dist. Atty., Donald Richard, Asst. Dist. Atty., Opelousas, for plaintiff-appellant.
Elbert Guillory, Opelousas, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The sole issue on this appeal by the State is whether the the trial court erred in granting a post verdict judgment of acquittal, thereby rejecting a six member jury verdict which had found defendant, Karl R. Dupre, guilty of molestation of a juvenile when the offender has control or supervision over the juvenile, a violation of LSA-R.S. 14:81.2(A) and (C). We reverse and remand for sentencing.
FACTS
Defendant was charged with molesting S.L., his common law wife's ten year old daughter. S.L. was born of the common law wife's prior marriage. S.L. and her three year old sister shared a double bed in the house where L.S., her mother, her sister and defendant all lived. At trial, S.L. testified that defendant came into her bedroom after her mother was asleep, woke her up, undressed her, and then sexually molested her. On either the next day or the following, S.L. told her physical education teacher about the incident. Child protection authorities were summoned, and an investigation ensued. A medical examination performed in connection with the investigation showed that S.L. had tinea cruris, a fungal inflammation, to her groin which, though normally associated with men, can occur spontaneously in either sex and can be spread through sexual contact. As a result of its investigation, child protection authorities removed S.L. from her mother's home, and this criminal prosecution was initiated against defendant.
JUDGMENT OF ACQUITTAL
The State contends that the trial court erred in granting defendant's post verdict judgment of acquittal.[1]
LSA-C.Cr.P. Art. 821 provides in pertinent part:
"A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty."
The trial court was presented with a motion for new trial and a motion for post verdict judgment of acquittal. Without any reasons, it granted the post verdict judgment of acquittal. Since the motion for a new trial was not acted upon, we assume the trial court denied it. Defendant's argument in support of the trial court's action is twofold: the victim's testimony was not credible, i.e., the victim shared a double bed with her three year old sister, and, therefore, this offense could not have occurred without waking the three year old, and a rational trier of fact could not accept her testimony of the events that transpired because her story was not believable, and she was motivated to do some harm to defendant because he was strict with her. Because of defendant's arguments and the State's appellate argument, we find it necessary to comment on the distinction between the two post verdict motions filed and the proper legal analysis involved in assessing each.
In State v. Korman, 439 So.2d 1099, 1100-1101 (La.App. 1st Cir.1983), our brethren of the First Circuit made the following distinction between the motion for a new trial and that for post verdict judgment of acquittal:

*1202 "There is a distinction between legally insufficient evidence and the weight of the evidence, both in substance and in the manner of review. This distinction was recognized by the United States Supreme Court in Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, (1982), where at 102 S.Ct. pg. 2213 the court stated,
'After examining the policies supporting the double jeopardy clause, we hold that a reversal based on the weight, rather than the sufficiency of the evidence permits the State to initiate a new prosecution.'
It is our view, and we so hold, that only the weight of the evidence can be reviewed by the trial judge in a motion for new trial under C.Cr.P. Art. 851. The trial judge can grant a new trial only if dissatisfied with the weight of the evidence, and in so determining the trial judge makes a factual review as a thirteenth juror rather than under the Jackson standard. If he grants a new trial because of the weight of the evidence, that new trial can proceed without being barred by double jeopardy. Tibbs v. Florida, supra. Such a determination by the trial judge is not subject to review by the appellate courts because of Louisiana Constitution Article 5, Sec. 10(B) and C.Cr.P. Art. 858.
On the other hand, if the trial judge finds the evidence legally insufficient, he must do so under C.Cr.P. Art. 821 which decision is subject to appellate review on application of the state. The trial judge cannot act as a thirteenth juror in reviewing a jury verdict under C.Cr.P. Art. 821, but must review under the much more restrictive Jackson standard."
Applying the weight of the evidence rule to the motion for a new trial in the case sub judice, we find, and the record supports, that the weight of the evidence rested on the credibility of S.L. This was defendant's defense and attack. Defendant presented the testimonies of S.L.'s mother, aunt, cousins and friend that S.L. was lying. The record shows that S.L.'s testimony was consistent, even under vigorous cross-examination. Since the trial court denied defendant's motion for new trial, by implication, therefore, we must assume that the trial judge accepted the jury's credibility determinations in favor of the victim's version of the facts. Accordingly, assuming the credibility of the victim's testimony, we are presented solely with a question of whether the trial judge erred in his determination that the evidence was legally insufficient to maintain defendant's conviction.
When reviewing the sufficiency of evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). In addressing the question of sufficiency of the evidence, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Mussall, 523 So.2d 1305 (La.1988).
"The actual trier of fact's rational credibility calls, evidence weighing and inference drawing are preserved through the requirement that upon judicial review all of the evidence is to be considered as if by a rational fact finder in the light most favorable to the prosecution, and by the admonition that the sufficiency inquiry does not require a court to ask itself whether it believes that the evidence at trial established guilty beyond a reasonable doubt." (Footnotes omitted.) Id., at page 1311.
The elements of the crime of molestation of a juvenile are set out in LSA-R.S. 14:81.2 which provides in pertinent part:
"A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, *1203 psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
* * * * * *
C. Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both."
Our jurisprudence has concluded that the testimony of the victim is sufficient to establish the elements of an offense. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1347 (La. 1984).
In State v. Mussall, supra at page 1310, the Louisiana Supreme Court stated:
"The principal criterion of a Jackson v. Virginia review is rationality. This is because under Winship and Jackson, Fourteenth Amendment due process demands that in state trials, as has been demanded traditionally in federal trials, a criminal conviction cannot constitutionally stand if it is based on a record from which no rational trier of fact could find guilt beyond a reasonable doubt. Accordingly, under the Jackson methodology a reviewing court is required to view the evidence from the perspective of a hypothetical rational trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a rational trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted rationally until it appears otherwise. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.
The Jackson doctrine or methodology is a compromise between the one extreme that maximizes the protection against the risk that innocent persons will be erroneously convicted by appellate replication of criminal trials and the other extreme that places the greatest faith in the ability of the triers of facts to produce just verdicts. Not only did the Supreme Court abjure any requirement that a reviewing court retry the issue of guilt, but it also rejected all forms of limited review under which a partial or one-dimensional view of the evidence is accepted as an index of its actual probative value. The Jackson doctrine does not permit the reviewing court to view just the evidence most favorable to the prosecution and then to decide whether that evidence convinced it beyond a reasonable doubt. Nor does it require a court to decide whether, based on the entire record, the average rational trier of fact could be convinced of guilt beyond a reasonable doubt. And of course, the high court abrogated the `no evidence' rule of Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) because `it could not seriously be argued that ... a modicum of evidence could by itself rationally support a conviction beyond a reasonable doubt.'" (Footnotes omitted.)
In the case sub judice, the record establishes that the State showed by direct evidence that: (1) defendant was 24 years of age; (2) the victim was 10 years of age; (3) at least a two year difference in age existed between the victim and defendant; (4) defendant removed the victim's pajamas and her underclothes; (5) defendant had the victim roll over on to her stomach, and he positioned himself on top of her, placing his penis between her legs and manipulated himself; (6) defendant had an emission of "white sticky stuff" which the victim wiped off; (7) defendant lived in the same home as the victim, and together with the victim's mother had control or supervision *1204 over the victim; and (8) Dr. Jay Smith, the doctor who examined the victim, testified by stipulation that there was a fungal inflammation, tinea cruris, on the victim's groin and that this inflammation, though normally associated with men, can occur spontaneously in either sex and can spread through sexual contact.
The jury heard the victim's testimony, the largest part of which was under vigorous cross-examination, which thoroughly explored her description of the events and her possible motivations for initiating this prosecution. In addition, it also heard the testimony of the various defense witnesses which attempted to contradict and discredit S.L. Applying the precepts enunciated above, we conclude that, after viewing all of the evidence favorably to the prosecution as a rational fact finder, the trial court erred in rejecting the jury verdict. Our review of the record under the Jackson methodology indicates that the jury's decision was rational, and it could have found defendant guilty beyond a reasonable doubt. Accordingly, under the more restrictive Jackson rationale, the trial court should have denied defendant's motion for post verdict judgment of acquittal, since at this stage of the proceeding, credibility was no longer an issue, and there was no showing that the jury acted irrationally.
For the foregoing reasons, the judgment of the trial judge is reversed and set aside. It is further ordered, adjudged, and decreed that the jury verdict which found defendant guilty of molestation of a juvenile is reinstated, and this case is remanded to the trial court for sentencing of defendant.
REVERSED AND REMANDED FOR SENTENCING.
LABORDE, J., dissents and assigns reasons.
LABORDE, Judge, dissenting.
I respectfully dissent. The majority thoroughly analyzes the use of the procedural vehicles of a motion for new trial and post verdict judgment of acquittal and the legal standards applicable to each. In my view, the majority's mechanical application of this methodology does not adequately protect the rights of the criminal defendant in this case.
A review of the record in the light most favorable to the prosecution convinces me that no rational fact finder could have found the defendant guilty beyond a reasonable doubt.
The defense presented the testimony of three witnesses who stated that S.L. admitted to them that she was lying about the incident. S.L.'s mother testified that she went to the welfare office to see S.L. and S.L. told her that she had been lying. The mother further testified that S.L. had told her of a similar incident with the defendant several months earlier, but then told her that it was really just a "bad dream." The mother's testimony did indicate that S.L. had made similar claims of being molested several years earlier and at least one of these, the mother believed was true. The mother stated that in the prior incidents, S.L. related basically the same story as she did in her allegations against the defendant. The mother stated that she believed there were several reasons that her daughter may have lied. The defendant had recently punished S.L. for receiving bad grades in school. The mother testified that S.L. told her, "that the only reason she told the lie that Karl did her anything was because she was punished and that she was going to get back at him." The mother also believed that maybe her daughter was mad because the mother and defendant had argued on the night prior to this incident. She further testified that S.L. was very jealous of her younger brother and often sought ways to get attention. Finally, she stated that S.L. told her that two friends had told her what to say in order to claim that defendant had molested her.
The defense also presented the testimony of S.L.'s cousin. She testified that she went to the welfare office with S.L.'s mother to visit S.L. S.L. then told them that she had lied about the incident and that "Daniel did it." (The record indicates that S.L.'s mother caught someone named Daniel *1205 apparently molesting her daughter when she was about 5 years old).
Finally, the defense presented the testimony of S.L.'s aunt. She too testified that she heard S.L. say at the welfare office that she had lied. She also testified that she was present at S.L.'s house when S.L. stated "I got punished so I was going to punish him."
After the jury returned a guilty verdict, the trial judge was presented with motions for a new trial and a post verdict judgment of acquittal. He granted the latter. The majority opinion states that since the trial judge did not grant the motion for new trial, we must assume that he accepted the jury's credibility determinations. On the contrary, it is readily apparent to this judge that the trial judge did not agree with those credibility determinations. To refute those credibility determinations, the trial judge should have granted defendant a new trial and thus he could have acted as a "thirteenth juror" and assessed the credibility of the witnesses. Instead he erred in using the improper procedural vehicle.
Our system of criminal justice protects each person accused of a crime against conviction except where the evidence at trial established guilt beyond a reasonable doubt. After carefully reviewing the record, I agree with the trial judge that reasonable jurors would necessarily have a reasonable doubt that the defendant was guilty of every essential element of this crime. However, because the trial judge used the wrong procedural vehicle, the majority concludes that issues of credibility are not relevant, and holds that this court must reverse and reinstate the jury's verdict. I strongly disagree with the majority's conclusion where there exists so many ample grounds for doubting defendant's guilt. Our acceptance of the reasonable doubt standard reflects a profound judgment about the way justice is to be administered in our criminal system. This requirement is founded on a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free. In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring). Being acutely aware of this fundamental value determination, I respectfully dissent.
NOTES
[1] Defendant erroneously styled his motion as a directed verdict. We carefully reviewed the content of the motion and find it in actuality is an LSA-C.Cr.P. Art. 821 motion for post verdict judgment of acquittal, and will treat it as such in this appeal.