539 So.2d 1279 (1989)
STATE of Louisiana
v.
Kimberly J. VOLKMANN.
No. CR 88-526.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
*1280 Kimberly J. Volkmann, L.P.C.C., Lafayette, pro se.
Michael Harson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
STOKER, Judge.
On December 11, 1986 appellant, Kimberly Volkmann, was charged by bill of information with attempted forcible rape, a violation of LSA-R.S. 14:42.1 and 14:27. Appellant was found guilty as charged by a unanimous 12-person jury. Appellant was sentenced on April 5, 1988 to eight years at hard labor with the first year to be served without benefit of probation, parole or suspension of sentence. Appellant now seeks review of his conviction and sentence based on three assignments of error.

FACTS
On the afternoon of November 14, 1986 the victim was returning to her apartment in Lafayette from work. The victim entered her apartment and, upon placing *1281 packages down, noticed an individual, later identified as appellant, Kimberly Volkmann, standing in her apartment. Appellant slammed the door and grabbed the victim by the front of her sweater. The victim sought to exit and said "Oh, no." Appellant attempted to bolt the door and said "Oh, yes." A struggle ensued during which the victim slapped appellant, threw him against a window and kicked him in the groin. At no time during the incident did appellant strike the victim. The victim made good her escape and yelled to neighbors for help. Two neighbors observed appellant leaving the area and gave chase. One struggled with appellant while the other recorded the license plate number of the vehicle in which appellant eventually departed.
Appellant arrived at the Abbeville home of a sister-in-law later the same night in an intoxicated condition. Appellant informed the sister-in-law that he had attempted to rape a girl and was chased by individuals who had recorded his license plate number.
At approximately 3:00 a.m. the following morning, appellant surrendered himself to authorities of the Lafayette City Police Department. After being duly advised of his rights and signing a waiver form, appellant gave a taped statement explaining his actions. In the statement, appellant tells how, after consuming beer and cocaine, he followed the victim into her apartment. According to appellant, his intentions were to have sex with the victim. However, appellant stated "I didn't, I don't necessarily want to say I was gonna try and rape her forcibly." Appellant recounted how he attempted suicide upon realizing the consequences of his actions and, upon being unsuccessful, later determined to "face up to what I did" by surrendering himself to police.

ASSIGNMENT OF ERROR NO. 1.
By this assignment of error, appellant contends the State failed to prove all elements of the crime of attempted forcible rape beyond a reasonable doubt. More particularly, appellant alleges the absence of evidence of force or threats of physical violence to the victim precludes a finding of guilt.
Specific intent to commit a crime is an element of an attempted offense. LSA-R.S. 14:27. A conviction of an attempted offense must rest upon the sufficient proof that the offender actually desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object. State v. Hunter, 454 So.2d 131 (La.App. 2d Cir.), writ denied, 456 So.2d 1018 (La.1984). Therefore, in order to commit attempted forcible rape, the offender must actively desire to commit rape by preventing the victim from resisting the act by force or threats where the victim may reasonably believe that such resistance would not prevent the rape. State v. Magee, 491 So.2d 454 (La.App. 1st Cir.1986). Where the offender has the requisite intent to commit a rape and does an act in furtherance of his goal, he has committed the offense of attempted forcible rape even if his victim successfully repels the threat or force. State v. Parish, 405 So.2d 1080 (La.1981); State v. Magee, supra.
Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); State v. McDermitt, 406 So.2d 195 (La.1981). Specific intent is a legal conclusion ultimately to be resolved by the trier of fact. State v. Guidry, 476 So.2d 500 (La.App. 1st Cir.1985), writ denied, 480 So.2d 739 (La. 1986).
In the instant case the evidence supports the jury's determination that appellant possessed the specific intent to commit the offense and performed actions in furtherance of his goal. Appellant accomplished an unauthorized entry into the home of a randomly selected woman with whom he had no acquaintance for the express purpose of having sex. Appellant grabbed the victim by the front of her sweater and sought to prevent her departure *1282 by attempting to bolt the door. When the victim expressed disbelief as to the circumstances, appellant responded by saying "Oh, yes." Fortuitously, the victim selected by appellant was adept at methods of self-defense and successfully repelled appellant's advances. Appellant's intention to have non-consensual forcible intercourse with the victim can certainly be inferred by these circumstances. Strengthening this inference are the actions of appellant in confessing to his sister-in-law his attempt to rape the victim.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found appellant possessed the specific intent to rape the victim and performed acts directly in furtherance of this goal. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Powell, 438 So.2d 1306 (La.App. 3d Cir.), writ denied, 443 So.2d 585 (La.1983). The inferences apparent from the evidence belie appellant's assertion that his actions and intents were misunderstood by the victim and were merely an acceptable part of the "styles, fads" and the "1988 approach of this generation" in initiating conversations which would lead to relationships. The fact that the would-be victim successfully repelled appellant's advances does not negate a finding of appellant's willingness and intent to force her to have non-consensual sexual intercourse through force or threats of physical violence. The State in the instant case has sufficiently established each essential element of the crime beyond a reasonable doubt and we find this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2.
Appellant argues the sentence imposed by the trial judge is excessive. Appellant alleges the articulation of sentencing reasons by the judge fails to meet guidelines of LSA.-C.Cr.P. art. 894.1 and that an eight-year sentence for the instant offense is grossly out of proportion to the severity of his offense.
LSA-C.Cr.P. art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the "trial court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, 369 So.2d 118 (La. 1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing judge need not articulate every mitigating and aggravating circumstance, however the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3d Cir.1987). Important considerations include the defendant's personal history, prior criminal record or absence thereof, the severity of the instant offense and the likelihood of recidivism or rehabilitation. State v. Cockerham, 525 So.2d 314 (La.App. 1st Cir.1988). Failure to adequately comply with Article 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983). A sentence imposed by the trial court which falls within statutory limitations may nevertheless be excessive. State v. Sepulvado, supra. A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable penal goals and therefore is nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985); State v. Landry, 502 So.2d 281 (La.App. 3d Cir.), writ denied, 508 So.2d 63 (La.1987). The trial court is given wide discretion in imposing sentence and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
In the instant case the trial judge relied on facts in the presentence investigation report, on letters from family and friends of appellant, and allowed defense counsel to argue factors in mitigation. The judge noted the instant offense threatened harm to the victim and found no grounds tending to justify appellant's behavior. The court relied on a previous felony conviction *1283 for distribution of marijuana and prior criminal charges of aggravated assault and contributing to the delinquency of a minor in finding a significant history of criminal activity and an inability to lead a law-abiding life for any extended period of time. The judge mentioned appellant's family situation and his very sporadic employment history in concluding incarceration would not cause undue hardship to his wife and two children. The court concluded that there was an undue risk that appellant would commit another crime and found appellant to be in need of a custodial environment best provided by incarceration. Finally, in imposing a sentence of eight years at hard labor with the first year to be served without benefit of parole, probation or suspension of sentence, the judge found that a lesser penalty would deprecate the severity of the instant offense.
The record reflects compliance with Article 894.1 sentencing guidelines in particularizing appellant's sentence. LSA-R.S. 14:42.1 and 14:27 allow for a maximum penalty of imprisonment at hard labor for a period of not less than two and one-half and not more than twenty years with at least one year directed to be served without benefit of parole, probation or suspension of sentence. Appellant's sentence lies at the lower middle range of alternatives on the sentencing spectrum and is considerably less than the statutory maximum. Appellant attempted to commit a serious sex crime while serving probation on an earlier felony conviction. The sentence does not appear to impose purposeless pain and suffering upon appellant and is not grossly out of proportion to the severity of the offense. The facts in the record illumine and lend support to the sentencing choice and we find no abuse of the trial judge's sentencing discretion.
Finally, appellant argues his sentence is disproportionate to sentences imposed on other criminals in this and other jurisdictions relying on Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In Solem, the court noted that a sentence must be proportionate to the crime for which a defendant is convicted. The court also recognized the broad deference to legislatures and courts in setting appropriate individualized sentences. The court ruled:
"... a proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction, and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem, supra, at 103 S.Ct. 3011.
The sentencing guidelines of LSA-C.Cr. P. art. 894.1 essentially encompass the first aspect of the proportionality analysis by assuring an individualized sentence. A review of Louisiana cases reveals that an eight-year sentence is not relatively harsh for conviction of attempted forcible rape. See, State v. Reed, 409 So.2d 266 (La.1982) (15 years); State v. Campbell, 461 So.2d 644 (La.App. 1st Cir.1984) (10 years). Furthermore, the crime of rape is viewed and treated with severity in virtually all jurisdictions. See, Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). For these reasons, appellant's sentence is not disproportionate based on the criteria enunciated in Solem.
For the reasons stated, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3.
By this assignment of error appellant argues the trial court committed prejudicial error in imposing sentence without a waiver of the mandatory 24-hour delay after denial of a new trial motion. Also, appellant argues the denial of the motion for a new trial was arbitrary and an abuse of the trial court's discretion.
LSA-C.Cr.P. art. 873 mandates that sentence shall not be imposed until at least 24 hours after a motion for a new trial is overruled. This delay may be waived and an erroneous sentencing without the requisite delay is considered harmless error absent a showing of actual prejudice. State v. Brown, 504 So.2d 1055 (La. App. 1st Cir.), writ denied, 506 So.2d 1223 *1284 (La.1987). A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial. LSA-C.Cr.P. art. 853.
In the instant case the record indicates the trial judge was well into the sentencing proceedings when appellant sought to file a pro se motion for a new trial alleging the verdict is contrary to the law and evidence and that the ends of justice would be served by a new trial. It is clear from the record that the motion filed was not timely. Therefore, the trial court's refusal to consider the motion during sentencing was proper. State v. Johnson, 389 So.2d 1302 (La.1980). Nor was good cause shown why the trial court should postpone sentencing for filing and consideration of the motion.
Had the motion for new trial been timely filed, the trial judge's actions do not constitute prejudicial error. Appellant's motion for new trial can be construed as being based on LSA-C.Cr.P. art. 851(1) and (5). Where the motion for a new trial is based on Article 851(5), the denial of the motion is not subject to review by appellate courts. The appellate review of a court's denial of new trial motion based on the assertion that the verdict is contrary to the law and the evidence pursuant to Article 851(1) is limited to the question of whether the judge properly exercised his wide discretion. State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984).
The sufficiency of the evidence presented at trial has been reviewed in the first assignment of error. Because the jury verdict is supported by the evidence produced at trial, there is no error in denial of the motion for a new trial based on Article 851(1). Finally, even if the motion had been timely filed, appellant has suffered no prejudice by being sentenced without waiving the 24-hour delay.
For these reasons, this assignment of error is without merit.
Accordingly, for the reasons stated herein the defendant's conviction and sentence are affirmed.
AFFIRMED.