I,WICKER, Judge.
This case is before us now on appeal from resentencing proceedings. In 1994 we affirmed defendant’s conviction for aggravated battery, but vacated his sentence and remanded the matter for resentencing because the trial judge had failed to observe the statutory twenty-four-hour delay between the denial of defendant’s motion for new trial and the imposition of sentence. State v. Harris, 94-KA-461 (La.App. 5th Cir. 11/29/94), 646 So.2d 536 (not designated for publication), writ denied, 94-K-3056 (La.3/30/95), 651 So.2d 859.
Defendant appeared in the trial court for resentencing on December 15, 1994 (erroneously shown on the transcript cover as December 15, 1995 )[1] Prior to the imposition of sentence, defendant urged a second motion for new trial and a motion for sentencing hearing. After considering the arguments of counsel, the judge denied both motions and immediately sentenced defendant to ten years at hard labor with credit given for time served. Following the imposition of sentence, defendant filed an oral motion for appeal. That appeal was never perfected, however.
laAt some point defendant filed an application for post-conviction relief, alleging his excessive sentence and ineffective assistance of counsel (the latter derived from trial counsel’s failure to object to any jury instructions). The trial court denied post-conviction relief, finding no merit to either claim. ■ The court noted that the sentence was within the statutory range and that the trial judge “took into account such factors as the defendant’s prior criminal history, the violent nature of the crime and the impact on the victim and failed to find any mitigating circumstances which would warrant a lesser sentence.” As for the claim of ineffective assistance of counsel, the court found the record indicated no error in the jury instructions: “[Pjetitioner was represented by an experienced attorney well versed in criminal law. There is nothing to show that counsel’s performance was in any way deficient or that the defendant suffered any prejudice due to his attorney’s actions.”
Defendant sought review of the denial of post conviction relief in this court. We denied his writ application, finding no error in the trial court’s ruling. State v. Harris, 96-KH-197 (La.App. 5th Cir. 3/14/96). Defendant then filed a motion for out-of-time appeal and for production of sentencing transcript, which was granted. The case comes before us now on the out-of-time appeal from the resentencing.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant asserts the trial court erred in failing to observe the statutory twenty-four-hour delay following denial of his motion for new trial.
At the time of the original sentencing defendant filed an initial motion for new trial, which was denied. Defense counsel called the victim, Jermaine Scott, as a witness for the sentencing. During the sentencing hearing, Scott changed his trial testimony about the shooting. At the conclusion of the testimony, the trial judge stated he had not realized defendant wanted to admit evidence on the motion for new trial. The judge further said he had “reconsidered” the motion and denied it a second time after having heard the evidence. On original appeal this court affirmed the trial judge’s denial of the motion *1054 for new trial, finding the victim’s new testimony still supported the verdict that was rendered.
IgWhen we remanded for resentencing, defendant filed a second motion for new trial. Although the pleading in the record bears no date, it appears the second motion for new trial was filed on December 15,1994, immediately prior to resentencing. Defendant alleged he was entitled to a new trial based on newly discovered evidence, because an additional eyewitness had been found who would support trial testimony that defendant acted in self-defense at the time of the incident. When defendant asked for a hearing on the matter, the State requested that the motion for new trial be disallowed since it had already been heard.
The trial judge denied defendant’s motion for new trial and, over defense counsel’s objection, immediately sentenced defendant to ten years at hard labor with credit given for time served. In imposing sentence, the trial judge informed defendant of the twenty-four-hour delay between the denial of the motion for new trial and imposition of sentence mandated by La.Code Crim.P. Art. 873,[2] but informed defendant that this delay had run:
I think 24 hours has lapsed since the original sentence, and all we are [doing] is reimposing the original sentence and correcting the defects which were these things that the Court of Appeal told us that needed to be in the new sentence.
On appeal, defendant now argues that the trial court’s failure to observe the twenty-four hour delay mandated by La.Code Crim.P. Art. 873 is a “non-harmless” error which requires the court to once again vacate the sentence and remand the ease for resen-tencing.
We find no caselaw discussing the delay between the denial of a second motion for new trial and the imposition of sentence. La.Code Crim.P. Art. 856 provides as follows:
A motion for a new trial shall urge all grounds known and available to the defendant at the time of the filing of the motion. However, the court may permit the defendant to ^supplement his original motion by urging an additional ground, or may permit the defendant to file an additional motion for a new trial, prior to the court’s ruling on the motion.
The comments to Art. 856 indicate a defendant generally is entitled to only one motion for new trial:
(a) This article states the well-recognized, though seldom stated, rule of the jurisprudence that the defendant is generally entitled to only one motion for a new trial urging grounds available at the time of the motion. In State v. Smith, 156 La. 818, 823, 101 So. 209, 210 (1924), the court stated, quoting from 16 C.J. 1120: “ ‘In the absence of a statute permitting successive applications, defendant is, as a general rule, entitled to make only one motion for a new trial. If his motion is denied, his right to move is exhausted.’ ” Under this rule, however, the court has discretion to allow the defendant to supplement his original motion if it is done prior to the court’s ruling on the motion for a new trial. State v. Bradley, 30 La. Ann. 326 (1878). Discretionary authority to permit the urging of additional grounds is expressly stated in the second sentence of this article.
(b) A general exception to the rule is implicit where the subsequent motion is based on newly discovered evidence, a ground that will not ordinarily be available when the original motion is filed and disposed of. To deny a subsequent motion on that ground would deny effective relief. Therefore, Art. 853 permits a motion on the ground of newly discovered evidence or defects, to be filed within one year after verdict or judgment, as an exception to the general rule that á motion for a new trial must be filed before sentence.
*1055 After reviewing the codal articles dealing with motions for new trial, we conclude defendant’s second motion was untimely. La. Code Crim. P. Art. 853.[3] In addition, it did |snot comply with La.Code Crim.P. Art. 854, which sets forth the requirements of a motion for new trial based on newly discovered evidence:
A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3) The facts which the witnesses or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
The newly discovered whereabouts or residence of a witness do not constitute newly discovered evidence.
In the present case the trial judge did not err in denying defendant’s motion for new trial immediately prior to the imposition of resentencing, because defendant had already had an opportunity for a hearing on a new trial motion based on newly discovered evidence, the motion for new trial was untimely, and the motion did not comply with the provisions of La.Code Crim.P. Art. 854. Accordingly, the court did not err in resentenc-ing defendant immediately. See State v. Volkmann, 539 So.2d 1279 (La.App. 3 Cir. 1989), where defendant’s motion for new trial was filed untimely and the court concluded that the trial judge did not err in imposing sentence without observing the twenty-four hour delay.
ASSIGNMENT OF ERROR NUMBER TWO
Appellant next argues the trial court erred in imposing an excessive sentence.
Defendant was resentenced to the maximum penalty of ten years at hard labor, La. R.S. 14:34. He now contends that his sentence is excessive and that the trial judge did not comply with the jurisprudence “requiring an individualized sentence imposed after consideration of the particular facts of the ease and characteristics of the accused.” Defendant contends that on remand for re-sentencing, the trial court should be required to sentence appellant anew after a true consideration of all pertinent factors.
IsLa-Code Crim.P. Art. 881.4(D) provides that “[t]he appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.” Although the resentencing judge did not recite reasons for the sentence imposed, the record, particularly the record of the original sentencing hearing, supports the sentence. We note further that between defendant’s original appeal and this out-of-time appeal, he was arrested for possession of crack cocaine, which ease is presently pending. Also, when the judge resentenced defendant he did not impose the first five years without parole eligibility as the original judge had done, and therefore, the present sentence can be considered more lenient in that respect.
Moreover, the issue of excessiveness was previously raised in defendant’s application for post-conviction relief. As mentioned above, the trial court denied post-conviction relief and this court affirmed the denial. Based on the foregoing, we conclude the sentence impose on defendant was not excessive.
ASSIGNMENT OF ERROR NUMBER THREE
Also assigned as error are any and all errors patent on the face of the record. Our *1056 review of the record, however, reveals no patent errors.
DECREE
For the foregoing reasons, the sentence is affirmed.

AFFIRMED.

. Defendant's original sentence was imposed by a judge pro tempore; on remand, however, his resentencing was by another judge.

. Art. 873. Delay between conviction and sentence
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

. Article 853 reads as follows:
A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial.
When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case.