GROVER L. COVINGTON, Chief Judge.
Defendant, Charles Lee Carter, was charged by bill of information with one count of aggravated battery. La.R.S. 14:34. By separate bill of information, defendant was also charged with two counts of simple battery (La.R.S. 14:35), four counts of aggravated assault (La.R.S. 14:37), and one count of entry on or remaining in places or on land after being forbidden (La.R.S. 14:63.3).[1] Defendant pled not guilty and was tried by a six-person jury. On one of the aggravated assault counts, defendant was found guilty of the responsive verdict of simple assault. On all remaining counts, defendant was found guilty as charged.
The trial judge sentenced defendant to six years in the custody of the Louisiana Department of Corrections on the aggravated battery charge, and six months in the parish jail at hard labor on each of the six remaining misdemeanor charges, with the six-month terms to run consecutive to one another and concurrent to the six-year term.
Defendant’s counsel filed an appeal, assigning five errors. Counsel for defendant filed a brief, arguing only one assignment of error, No. 1. Thus, his assignments of error, numbers 2 through 5, are considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4. Subsequently, defendant, in proper person, assigned three errors and submitted a brief arguing the errors.
The convictions and sentences arise out of the following set of facts. At approximately 8:30 a.m. on February 22, 1982, defendant was fired from his job at Porche Brothers Cement Company, after an argument with the plant manager. Shortly after noon on the same day, defendant returned to the Cement Company to get his paycheck. Defendant was told that he would get his check when he returned the company’s battery, uniforms, and tools which were in his possession. An argument ensued and defendant struck Keith Porche. Then he pulled a knife and threatened company employees, Keith Porche, Clark Porche, Gerald Coats, and Keith Bou-dreaux. After several minutes of argument and threats, while armed, defendant got into his car, and drove it at Keith Porche who was struck by the car. Porche was carried to Terrebonne General Hospital and treated for injuries. Defendant fled the scene, but was subsequently arrested and charged as stated above.
ASSIGNMENT OF ERROR NO. 1
Defendant first contends that the trial judge erred in instructing counsel for the state and defense that during voir dire they were to refrain from attempting to explain reasonable doubt, specific criminal intent and general criminal intent. The trial judge permitted them to read only the definitions of the terms. Defendant contends *1326 that the court’s ruling constituted a violation of the constitutional mandate guaranteeing defendant the right to full voir dire examination of prospective jurors.
An accused in Louisiana has a “right to a full voir dire examination of prospective jurors and to challenge jurors peremptorily.” La. Const.1974, Art. I, § 17. La.C. Cr.P. art. 786 provides that the court, the state, and the accused shall have the right to examine prospective jurors.
The accused’s right to “full voir dire examination” includes the right to make such inquiries of prospective jurors as will enable him to secure his constitutional rights, not only by showing grounds for challenges for cause, but also by eliciting facts which will empower him to exercise intelligently his right of peremptory challenge; and the right to examine a prospective juror challenged for cause by the prosecution in order to demonstrate his impartiality. State v. David, 425 So.2d 1241 (La.1983).
It is well established that the scope of voir dire examination is within the trial judge’s discretion and his ruling will not be disturbed in the absence of a clear abuse of that discretion. La.C.Cr.P. art. 786; State v. Stucke, 419 So.2d 939 (La.1982).
We find no abuse of discretion in the trial judge’s ruling limiting counsels’ “explanation” of legal terms. State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir. 1984). This limitation in no way unfairly restricted counsel’s opportunity to fully examine the prospective jurors as to their suitability. The instruction on the law is the sole, province of the judge.
We find no merit in this assignment of error.
PRO SE ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial judge erred in refusing to allow the introduction of evidence of prior specific acts of violence by the victim toward previous employees. Defendant contends that such evidence is necessary to show the probability that the victim was the aggressor.
Once an overt act of the victim has been established, evidence of his dangerous character is admissible to help determine who was the aggressor in the conflict. State v. Edwards, 420 So.2d 663 (La.1982). In such instances, the evidence sought to be introduced must comply with La.R.S. 15:479 which states:
Character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him.
Under this rule, proof of a victim’s character tending to prove who is the aggressor in the conflict must be established by the general reputation of the victim, not by specific acts. Only evidence of general reputation, not evidence of specific acts or personal opinion, is admissible to establish who was the aggressor in the conflict. State v. Boss, 353 So.2d 241 (La.1977).
In the instant case, defense counsel sought to elicit testimony from the victim and from a previous employee regarding prior specific altercations between the victim and third persons. Even assuming that defendant established the requisite “overt act” on the part of the victim, evidence of prior specific acts of violence by the victim toward third persons is inadmissible. State v. Jones, 451 So.2d 1181 (La.App. 1st Cir.1984).
We find no merit in this assignment of error.
PRO SE ASSIGNMENT OF ERROR NO. 2
Defendant further argues that the trial court erred in admitting into evidence photographs of defendant’s ear, and parts of an automobile.' At trial, defense counsel objected to the photographs “based upon custody” and to the automobile parts “based upon insufficiency to establish.” However, in brief, defendant only argues that testimony offered by the police officer, Lieutenant Walling, concerning the automobile parts is improper, because the officer had not been qualified as an expert in metallurgical engineering.
*1327 The pro se assigned error No. 2 concerning the introduction of the exhibits complained of has not been briefed on appeal and is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Regarding defendant’s argument concerning Officer Walling’s testimony, no contemporaneous objection was made at trial, hence we are unable to consider it. La.C.Cr.P. art. 841; State v. Vanderhoff, 415 So.2d 190 (La.1982).
PRO SE ASSIGNMENT OF ERROR NO. 3
Finally, in pro se assignment No. 3, defendant argues that the trial court erred in allowing the district attorney to present evidence of defendant’s prior convictions. In brief, defendant admits that he has a prior conviction; however, he contends that the district attorney incorrectly identified the conviction as one for aggravated battery/simple battery, when it was for discharge of a firearm. The record does not support this contention.
At trial, defendant chose to take the stand to relate to the jury his own version of the events surrounding the incident. On direct examination, defendant testified that he had never been convicted of a crime. On cross-examination, defendant again denied any prior convictions. The district attorney then proceeded to question defendant as to prior convictions for aggravated battery and simple battery. Subsequently, the district attorney introduced a true copy of a minute entry showing that defendant had previously pled guilty to one count of aggravated battery and one count of simple battery.
La.R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
Defendant’s failure to admit any prior convictions entitled the state to adduce evidence of prior convictions from any other source. State v. Alpine, 404 So.2d 213 (La.1981). Thus, the introduction of the minute entry of defendant’s guilty plea to aggravated battery and simple battery was admissible and proper.
This assignment of error lacks merit.
PATENT ERROR
The court notes, on its own motion, two sentencing errors.
Defendant was charged with four counts of aggravated assault. La.R.S. 14:37. On one of these counts, defendant was found guilty of the responsive verdict of simple assault. The authorized sentence for simple assault is a fine of not more than two hundred dollars, or imprisonment of not more than ninety days, or both. La.R.S. 14:38. However, on this count, the trial judge sentenced defendant to serve six months in the parish jail. Such sentence is unauthorized by statute. We, therefore, vacate that portion of defendant’s sentence ordering that he serve six months in the parish jail for the conviction of a simple assault and remand for resentencing.
In addition, on each of the six misdemeanor counts, defendant was ordered to serve his sentences “at hard labor in the parish jail.” The legislature has not provided for such a sentence. See La.R.S. 14:35, 37, and 38. We, therefore, vacate those portions of defendant’s sentences ordering that he serve his time “at hard labor in the parish jail,” and remand for resen-tencing.
The case is remanded to the trial court for resentencing in order to correct the above sentencing errors.
In all other respects, defendant’s sentences and convictions are affirmed.
*1328 AFFIRMED IN PART, VACATED IN PART AND REMANDED.

. The charge of entry on or remaining in places or on land after being forbidden, pursuant to La.R.S. 14:63.3, was nolle prosequied.