635 So.2d 634 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Paul FRANK, Defendant-Appellant.
No. CR 93-1402.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*635 Glenda Huddleston, New Iberia, for State.
William Robert Collins, New Iberia, for Paul Frank.
Before DOUCET and THIBODEAUX, JJ., and BERTRAND[*], J. Pro Tem.
THIBODEAUX, Judge.
The defendant, Paul John Frank, was charged with forcible rape, a violation of La.R.S. 14:42.1. After trial, the jury returned a verdict of guilty as charged on April 20, 1993. The defendant was sentenced on May 19, 1993, to serve forty years at hard labor, with at least two years to be served without benefit of parole, probation or suspension of sentence. The defendant made both an oral and a written motion for reconsideration of sentence. The motion was denied on June 7, 1993. The defendant now appeals his conviction and sentence.
For the foregoing reasons, we affirm the conviction of the defendant, but remand for resentencing.

FACTS
On the evening of May 1, 1993, the victim, Beverly Guillory, accompanied by friends went out for the evening. She and her friends went to an establishment called "Mary's Place." The victim had three or four beers and danced with a few of the *636 young men at the club, including the defendant.
After one of the dances, Frank grabbed Ms. Guillory from the back by the hair and threatened her not to try to make a move or he would get her first. The defendant then forced her to go with him outside to the parking lot. While in the parking lot, the defendant released her hair and grabbed her by the arms. The defendant then forced the victim to walk down the road until they reached several sheds. The defendant found an open one and they entered. At this point, the defendant began kissing and undressing the victim. Several times the victim requested that he stop. By restraining the victim's arms and using force, the defendant was able to penetrate the victim's vagina several times. He also placed his penis in her mouth. In restraining the victim, the defendant banged her head against the ground. During this time, the victim continued to ask the defendant to stop and she tried to scratch the defendant.
When the defendant was finished, he became still. The victim quickly collected her clothes and got dressed, while keeping an eye on the defendant. The victim returned to the night club where she found a relative of hers, Frank Mitchell. A sheriff's deputy was also in the parking lot, but she did not speak to him. Instead, she had Mitchell bring her home. Once she got home she told her mother that she had been raped. The police were then contacted and the victim proceeded to the hospital. The victim identified the defendant as the rapist.

ASSIGNMENT OF ERROR NO. 1
The defendant alleges that the trial court erred in failing to grant a mistrial based on the last statement made by the prosecutor in her rebuttal argument. The prosecutor made the following statement, "And don't let this man get away with raping this woman. Come back with a guilty verdict, not only for Beverly, but for everyone else." The defendant argues that this was an improper reference to inadmissible other crimes evidence. In addition, the defendant argues that even if it were not an improper reference to other crimes evidence, his conviction must be reversed based solely on the inflammatory nature of the remark.
La.Code Crim.P. art. 770 provides that:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
The denial of a motion for mistrial based on a prosecutor's reference which falls within the scope of the article is per se a substantial violation of a statutory right. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Ramoin, 554 So.2d 278 (La.App. 3d Cir.1989). To be within the scope of La.Code Crim.P. art. 770(2) the remark complained of must be an unambiguous reference to crimes alleged to have been committed by the defendant. State v. Robertson, 421 So.2d 843 (La.1982).
The trial judge in ruling on the motion stated that:
BY THE COURT: So the motion for a mistrial was certainly made timely.
The reason I didn't grant it, I do have some problem with the remark, but it first of all, it has nothing to do with other crimes. Itit tends to maybe be somewhat inflammatory whenwhen the jury's called upon to return a verdict of guilty for the benefit of everyone else. But I think that's consistent with the law, becauseand it's consistent with the theory of criminal prosecutions, that criminal prosecutions are brought in the name of the State, because, unlike a civil caseunlike, say, a quasi-offense, a tort, wherewhich is an offense committed on one victim, that's not the case with crimes. The people are the victim in a criminal case. In a lot of jurisdictions, instead of prosecutions being brought in the name of the State, they're brought in the name of the people. And so that a crime is an affront to all the people. And so, when you look at it in that light, then Miss Huddleston's remark was not *637 improper and certainly not the basis for a mistrial.
As the trial judge stated, the remark made by the prosecutor is subject to more than one interpretation. Therefore, it is not an unambiguous reference to inadmissible other crimes evidence and does not call for a mandatory mistrial.
Inflammatory remarks by the prosecutor are not covered by La.Code Crim.P. art. 770 calling for a mandatory mistrial. Rather, it is covered by La.Code Crim.P. art. 771 which leaves the granting of a mistrial to the discretion of the trial judge. We feel that the statement was not of such a nature that it would rob the defendant of a fair trial. Therefore, the trial judge did not abuse his discretion in denying the defendant's motion for mistrial.

ASSIGNMENT OF ERROR NO. 2
The defendant alleges that the trial court erred in finding him guilty of forcible rape since if the jury reviewed all the evidence in a light most favorable to the state, a rational trier of fact could not have found, beyond reasonable doubt, that he was guilty. The defendant admits having a sexual encounter with the victim, but claims that it was consensual.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See, State ex rel. Graffagnino, 436 So.2d at 563, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
La.R.S. 14:42.1(A) defines forcible rape as follows:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Since the defendant admitted having sexual intercourse with the victim, the only issue remaining is whether it is consensual.
The victim testified that she left the nightclub with the defendant only because he grabbed her by the hair and threatened her. She explained that once they arrived in the shed, the defendant began to kiss her and pull on her clothes and would not stop when she asked. She stated that he unzipped her clothes and pulled down her shorts. He then turned her around locking up her arms and used force to get her to bend down. The victim explained that the defendant "entered her" from the back, later had her turn around and then "entered her" from the front, the entire time keeping either her arms locked or holding her shoulders, preventing her from resisting. At some point, he took her head and beat it against the ground.
Both Frank Mitchell and Deputy Frank Washington corroborated the fact that after the victim returned to the nightclub parking lot, she appeared upset and was crying. Additionally, Deputy Washington testified that her hair was "messed up." Deputy Linda Boudreaux also testified that when she got the call from a fellow officer to meet the victim at the hospital, she could hear the victim crying in the background.
Dr. Stephen Ritter examined the victim after the rape. He testified that the victim was withdrawn, nervous and obviously upset. The doctor explained that the bruising he *638 noted on her shoulder and neck were less than twelve hours old and were consistent with the patient history given, that she was raped. The doctor stated that the results of the exam as a whole were consistent with those of someone who has been the victim of a sexual assault.
The emergency room nurse, Alice Bastian, also testified that the victim was crying and upset and that her clothing was soiled. She also remembered seeing bruises on the victim's body.
The defendant pointed out that the state failed to call a witness to corroborate the victim's story as to with whom and when she left the nightclub. He also claimed that the victim's cousin testified that he saw the victim and the defendant leave separately. Mitchell gave no such testimony. Rather, he stated he did not see the victim leave the club. It was the defendant's brother who testified that he saw both the defendant and victim leave and that they left separately. The defendant also argued that it was significant that there was confusion as to whether the victim was running or walking at a certain point on her return from the shed.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3d Cir.), writ denied, 507 So.2d 226 (1987).
A fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, at 319, 99 S.Ct. 2781, at 2789, 61 L.Ed.2d 560 (1979). Where rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See, State v. Mussall, 523 So.2d 1305, at 1310 (La.1988). We do not find the jurors' credibility determination irrational. The evidence when viewed in the light most favorable to the state was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Therefore, the guilty verdict was proper and the trial judge did not err in denying the defendant's motion for post verdict judgment of acquittal. It is well settled that the testimony of the victim is sufficient to establish any and all elements of the crime of rape. State v. Rives, 407 So.2d 1195 (La.1981); State v. Hebert, 443 So.2d 620 (La.App. 3d Cir.1983). This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant alleges that the sentence imposed by the trial court was excessive and constitutes cruel and unusual punishment thus, violating his state and federal constitutional rights. The defendant argued that he should have been sentenced in accord with the sentencing guidelines. The defendant complains that his past criminal history, since taken into consideration by the sentencing grid, was improperly used to enhance his sentence.
In State v. Sepulvado, 367 So.2d 762 (La. 1979), the supreme court determined that Article 1, § 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The court in Sepulvado, supra, found that the statutory criteria set forth in old La.Code Crim.P. art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
The jurisprudence clearly indicates that to constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. *639 Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
In reviewing sentences, the new sentencing guidelines must be used as an aid in determining whether a sentence is constitutionally excessive. In order to use the sentencing guidelines as an aid, the appropriate grid cell must be determined to arrive at the designated sentencing range. The grid cell is determined by the seriousness level of the offense and the criminal history index of the offender.
The offense of forcible rape has a seriousness level of "1." The defendant's criminal history includes convictions for sexual battery, which has a seriousness level of three, and carnal knowledge of a juvenile, which has a seriousness level of four. To calculate the defendant's criminal history index the seriousness level of each felony is translated into the appropriate amount of points, two points each in this case. Then an additional half point is added since the present conviction is in the same crime family, "SEXADLT," as the prior conviction of sexual battery. La. S.G. § 205(C)(c). Another point is added since the criminal act upon which the present condition is based was committed while in custody status. The defendant was on parole from the concurrent sentences on the prior convictions at the time. La.S.G. § 205(C)(d). Therefore, the defendant's criminal history points totalled five and one-half points, which translates to a criminal history index classification of "A." The appropriate sentencing guidelines grid cell is "1-A" which suggests incarceration of a minimum term of 330 months (27.5 years) and a maximum term of 360 months (30 years). The statutory range in La.R.S. 14:42.1 provides for a minimum sentence of five years and a maximum of forty years, to be served at hard labor, at least two of which must be served without benefit of parole, probation or suspension of sentence.
The trial judge sentenced the defendant to forty years at hard labor, at least two of which were to be served without benefit of parole, probation, or suspension of sentence. This sentence falls outside the designated sentencing range and is greater than the maximum sentence in the range.
The designated sentence range provided in the grid is appropriate for a typical case, one committed without aggravating or mitigating circumstances. La.S.G. § 209(A)(1). The guidelines mandate that when departing, the court shall state reasons for the record and pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history. La.S.G. § 209(A)(4) and State v. Smith, No. 93-K-0402, 629 So.2d 333 (La.1993).
No presentencing investigative report was ordered in this case. However, in sentencing the defendant, the trial judge noted that in the Prieur hearing held in this case on April 13, 1993, testimony was presented establishing two forcible rapes for which charges were not pursued. The judge also noted that all four of the defendant's prior offenses were "sexual-type crimes," as was the present one. The judge stated that he had considered the sentencing guidelines, but that considering the defendant's prior conduct, it was:
"the feeling of this court that he cannot be rehabilitated and that, to the extent that the sentence I'm going to impose deviates from the sentencing guidelines, that any other sentence would not be sufficient to accomplish the purposes that are required for this defendant and for this particular crime."
The defendant made no objection at the hearing or in his written motion for reconsideration of sentence to the use of the two unprosecuted forcible rapes for enhancement purposes. On appeal, his complaint was that the trial judge improperly used those convictions considered in computing his past criminal history to also enhance his sentence. The two unprosecuted forcible rapes mentioned by the trial court for enhancement purposes were not considered in calculating the defendant's criminal history index.
La.S.G. § 209(B)(12) allows the judge to consider as an aggravating circumstance that *640 the offender was persistently involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication. Additionally, the defendant's inability to be rehabilitated was properly considered pursuant to La.S.G. § 209(B)(19) which provides that any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction. In this case, the trial judge presented proper and sufficient reasons for departing from the sentencing guidelines in imposing a forty year sentence. In consistently departing from civilized conduct and in perpetrating crimes or acts of a sexual nature in the past, the defendant cannot be heard to complain at this stage of his life of the sentence imposed.

ERROR PATENT
La.Code Crim.P. art. 879 provides that where a defendant who has been convicted of an offense is sentenced to imprisonment, a determinate sentence shall be imposed. The sentence imposed on the defendant included a proviso that at least two years of the sentence was to be served without benefit of parole, probation or suspension of sentence. However, the judge gave no basis for determining when the defendant might be eligible for such benefits. As such, the sentence is indeterminate and, therefore, illegal. See, State v. Orgeron, 512 So.2d 467 (La.App. 1st Cir.1987), writ denied, 519 So.2d 113 (1988). Since a determination of the maximum number of years to be served without eligibility involves sentencing discretion, the sentence is vacated and the matter remanded for resentencing consistent with the views expressed herein. See, State v. Fraser, 484 So.2d 122, 124 (La.1986); State v. Orgeron, 512 So.2d at 471.
Also, La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, the trial court is directed to have the resentencing record reflect that the defendant be given credit for time served prior to the execution of the sentence.

CONCLUSION
The trial court properly denied the defendant's motion for mistrial. The remark during the state's closing rebuttal of which the defendant complains should not be interpreted as an unambiguous other crimes reference and the trial judge did not abuse his discretion in finding that the remark was not so inflammatory as to warrant a mistrial.
The evidence when viewed in the light most favorable to the state was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Additionally, the trial judge stated sufficient and proper reasons for departing from the sentencing guidelines. Therefore, the sentence imposed was not constitutionally excessive. However, the sentence was indeterminate. Therefore, it is vacated and the matter remanded for resentencing consistent with the views expressed herein. Additionally, the trial judge is instructed to give the defendant credit for time served prior to the execution of the sentence.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[*] Honorable Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.