STATE OF LOUISIANA

COURT, OF APPEAL, THIRD CIRCUIT

KA05 -232 and KM05-1


STATE OF LOUISIANA

VERSUS

JOHN PAUL FRANK

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT
PARISH OF IBERIA, NO. 49123
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

MICHAEL G. SULLIVAN
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and
James T. Genovese, Judges.


MOTION TO DISMISS GRANTED.
APPEAL DISMISSED.


J. Phillip Haney
District Attorney
Sixteenth Judicial District Court
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
Counsel for: Plaintiff/Appellee:
    State of Louisiana

Robert Clauson Vines
Assistant District Attorney
Sixteenth Judicial District Court
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
Counsel for: Plaintiff/Appellee:
    State of Louisiana

**Jeffrey J. Trosclair**
**Assistant District Attorney**
**Sixteenth Judicial District Court**
**Courthouse, 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100**
**Counsel for:  Plaintiff/Appellee:**
        **State of Louisiana**

**James Edward Beal**
**La Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for:  Defendant/Appellant:**
        **Paul John Frank**

**Paul John Frank**
**Alc - Mercury Unit B1**
**3751 Lauderdale Woodyard Rd.**
**Kinder, La 70648**

**Sullivan, Judge.**

Defendant was convicted of forcible rape on April 20, 1993. On appeal, in *State v. Frank,* 93-1402 (La.App. 3 Cir. 4/6/94), 635 So.2d 634*,* this court affirmed Defendant's conviction but remanded the matter for resentencing. At the resentencing held on May 4, 1994, the trial court sentenced Defendant to forty years at hard labor, with twenty years of the sentence to be served without benefit of parole, probation, or suspension of sentence. No appeal was filed following resentencing. Defendant's motion for an out-of-time appeal was granted on September 13, 2004.

Louisiana Code of Criminal Procedure Article 914, provides:

A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.

B. The motion for an appeal must be made no later than:

(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

When a defendant fails to make a motion for appeal within the time provided in Article 914, he loses his right to obtain an appeal. Upon expiration of the thirty day period, the conviction and sentence are final. Thus, a defendant's only recourse is to seek reinstatement of his right to appeal in the trial court. *State v. Counterman*, 475 So.2d 336 (La.1985). A defendant's appropriate procedural device after the thirty day period is an application for post-conviction relief.

However, La.Code Crim.P. art. 930.8 provides that an application for post-conviction relief, including a request for out-of-time appeal, must be filed within two years from the date a defendant's conviction and sentence become final. Accordingly, the trial court does not have jurisdiction to grant an untimely application for an out-of-time appeal absent showing an exception to the time limitation exceptions as

provided for by Article 930.8. *State v. Daigle*, 593 So.2d 676 (La.App. 3 Cir. 1991). This court can address the untimeliness of an application on its own motion. *State ex rel. Glover*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

In a recent case, this court dismissed a defendant's appeal because that defendant's application for post-conviction relief seeking an out-of-time appeal was untimely and because the defendant did not allege and prove any of the exceptions to La.Code Crim.P. art. 930.8 applied. This court concluded that the time bar is jurisdictional, and thus, the trial court had no authority to entertain the defendant's application, and it dismissed the appeal. *State v. Celestine,* 04-1130 (La.App. 3 Cir. 2/2/05), ___ So.2d ____.

Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely. Defendant's conviction and sentence became final in 1994. Moreover, there is nothing in the record before us to indicate that Defendant alleged any of the exceptions provided by La.Code Crim.P. art. 930.8. Thus, the trial court was without authority to entertain the Defendant's application. Therefore, we find that the out-of-time appeal was improperly granted and that Defendant's appeal is not properly before us. For these reasons, Defendant's appeal is dismissed.

**MOTION TO DISMISS GRANTED.  APPEAL DISMISSED.**

2