STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 KA 0562

STATE OF LOUISIANA

VS.

DAVID RANDOLPH JENKINS, SR.

Judgment rendered: **DEC 2 2 2022**

* * * * *

On Appeal from the
Twenty-first Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 37182

The Honorable Erika Sledge, Judge Presiding

* * * * *

Lieu T. Vo Clark                          Attorney for Appellant
Louisiana Appellate Project               David Randolph Jenkins, Sr.
Mandeville, Louisiana

Scott M. Perrilloux                       Attorneys for Appellee
District Attorney                         State of Louisiana
Brett Sommer
Zachary T. Daniels
Assistant District Attorneys
Livingston, Louisiana

* * * * *

BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

The defendant, David Randolph Jenkins, Sr., was charged by grand jury indictment with first degree rape (of a victim under the age of thirteen years), a violation of La. R.S. 14:42 (prior to amendment, this offense was aggravated rape). He pled not guilty and, following a jury trial, was found guilty as charged. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating three assignments of error. We affirm the conviction and sentence.

## FACTS

In 2017, four-year-old M.R.[1] lived with Heather, her biological grandmother, and the defendant, whom M.R. referred to as Paw Paw David. Heather was dating the defendant, and they were living in Albany, Louisiana, at the defendant's house. When M.R. was five years old, Heather died, and M.R. went to live with Dana Joiner and her fiancé at the time, John Schubert, near Ponchatoula, Louisiana. Joiner, who knew much of M.R.'s family, is not biologically related to M.R. Joiner subsequently adopted M.R. In early 2018, Joiner was in the bathroom while M.R. was taking a bath. According to Joiner, she asked M.R. if she was ready to get out, and M.R. told her she was not and that she was going to lay there and relax like her Paw Paw David. When Joiner asked what she meant, M.R. indicated she had performed oral sex on the defendant. Joiner recorded M.R.'s initial statement on a cell phone and gave the recording to the police.

An investigation was opened, and M.R. was taken to Denham Springs on February 16, 2018, for a Children's Advocacy Center (CAC) interview, and later to Children's Hospital in New Orleans, where she was treated by Dr. Anne Troy. At the CAC interview, M.R. did not disclose any sexual abuse by the defendant. M.R.,

---

[1] Victims of sex offenses are referred to by their initials. See La. R.S. 46:1844(W).

2

however, indicated to Dr. Troy that the defendant had vaginally and anally penetrated her. M.R. testified at trial that the defendant had forced her to perform oral sex on him.

Detective Justin DePhillips, of the Livingston Parish Sheriff's Office, asked the defendant to come in for questioning and on April 23, 2018, the defendant went to speak to the detective. Detective DePhillips made an audio recording of the defendant's statement, wherein the defendant admitted that M.R. performed oral sex on him.

The defendant testified at trial. He denied any wrongdoing, and stated that he never touched M.R. The defendant stated that his confession was not true, but rather he just repeated what Detective DePhillips surmised had occurred between the defendant and M.R.

## ASSIGNMENTS OF ERROR NOS. ONE, TWO, AND THREE

In these related assignments of error, the defendant argues, respectively, the trial court erred in denying the motion for postverdict judgment of acquittal; the trial court erred in denying the motion for new trial; and the evidence was insufficient to convict him of first degree rape.

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See La. Code Crim. P. art. 821(B); **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So.2d 654, 660. The **Jackson** standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and

3

circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See **State v. Patorno**, 2001-2585 (La. App. 1st Cir. 6/21/02), 822 So.2d 141, 144.

Louisiana Revised Statutes 14:42 provides in pertinent part:

> A. First degree rape is a rape committed . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
> * * * *
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

Louisiana Revised Statutes 14:41[2] provides:

> A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
> B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.
> C. For purposes of the Subpart, "oral sexual intercourse" means the intentional engaging in any of the following acts with another person:
> (1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
> (2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

The defendant notes that M.R. disclosed to Dana Joiner in early 2018 that M.R. performed oral sex on the defendant. At the CAC interview, however, on February 16, 2018, the defendant points out that M.R. did not disclose any allegations of sexual abuse by him. While M.R. also gave a CAC interview on October 10, 2017, the defendant notes M.R. disclosed only physical abuse by C.P., M.R.'s biological mother's boyfriend, but did not disclose any allegations of sexual abuse by the defendant. When M.R. was taken to Children's Hospital,

---

[2] Louisiana Revised Statutes 14:41 was recently amended by 2022 La. Acts No. 173, §1, effective August 1, 2022, but does not apply herein.

4

approximately a month after her initial disclosure about the defendant, she revealed to Dr. Anne Troy that the defendant had vaginally and anally penetrated her, but made no mention of oral sex.

Regarding his own admission, the defendant asserts that it came only after repeated denials of any wrongdoing, which were met with disbelief by Detective DePhillips. As such, according to the defendant, his was a false confession. Thus, the defendant contends, based on the inconsistencies and non-disclosures, coupled with no corroborating or physical evidence, there was reasonable doubt as to whether he committed first degree rape of M.R.

In early 2018, when M.R. was in the bathtub, M.R. indicated to Joiner, who was in the bathroom with M.R., that she had performed oral sex on the defendant. Joiner retrieved John Schubert's cell phone, asked M.R. to repeat what she had told her, and recorded M.R.'s statement, which was turned over to the police. In this cell phone recording, M.R. said that "Paw Paw David made [her] suck his peter; he made the juice that was in here come out." At trial, M.R., who was by then nine years old, testified that the defendant made her suck "his private" in the bathroom and in the bed.

Dr. Anne Troy, accepted as an expert as a pediatric forensic nurse practitioner specializing in child maltreatment, with a further specialization in sexual abuse, testified that she interviewed M.R. and performed a physical examination on her. The results of the physical exam were normal. Dr. Troy indicated M.S. disclosed to her that she had been in a bathtub, and the defendant penetrated her vaginally and anally. M.R. indicated it happened five times, including one time in the bedroom and the other times in the bathtub. M.R. did not disclose anything about oral sex.

Detective DePhillips testified that he brought the defendant in for questioning. According to Detective DePhillips, after being **Mirandized**, the defendant told him

5

that he had taken a bath with M.R., but that "Mrs. Schubert" (Heather) was sitting on the toilet next to them. Without the detective ever mentioning sexual conduct, the defendant then told him that about a year ago, he was masturbating in the shower. M.R. walked in the bathroom and saw the defendant. The defendant then had M.R. suck "on his penis until he came."

The video recording capability in the interview rooms at the police station was new and, unbeknownst to Detective DePhillips, the recording equipment, although recently installed, was not functioning properly. Thus, the defendant's initial confession was not recorded. Detective DePhillips retrieved a handheld audio recorder and returned to the defendant so he could again tell the detective what had transpired. In this audio recording, the defendant stated that he was taking a shower and "whacking off" when M.R. came in the bathroom and pulled the curtain open. She asked the defendant what he was doing, and he said, "I was relieving myself. . . . She sucked on it and I came." The defendant's recorded confession was played for the jury.

The testimonial evidence and, particularly, the defendant's own inculpatory statement established that he raped M.R. through oral sexual intercourse. Regarding M.R.'s alleged inconsistencies in not disclosing the sexual abuse by the defendant in the CAC interviews, or M.R. disclosing only to Dr. Troy that the defendant also penetrated her vaginally and anally, the jury chose to believe M.R.'s account and the defendant's pretrial confession over the defendant's later self-serving testimony that he made a false confession. That is, these arguments raised by the defendant concern credibility issues. The jury heard all of the testimony. In the absence of internal contradiction or irreconcilable conflict with any physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. See State v. Higgins, 2003-1980 (La. 4/1/05), 898 So.2d 1219, 1226, cert. denied,

6

546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005). The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder's determination of guilt. **State v. Ford**, 2017-0471 (La. App. 1st Cir. 9/27/17), 232 So.3d 576, 586, writ denied, 2017-1901 (La. 4/22/19), 268 So.3d 295. We are constitutionally precluded from acting as a "thirteenth juror" in assessing what weight to give evidence in criminal cases. **State v. Mitchell**, 99-3342 (La. 10/17/00), 772 So.2d 78, 83. The fact that the record contains evidence which conflicts with the testimony accepted by a trier of fact does not render the evidence accepted by the trier of fact insufficient. **State v. Nixon**, 2017-1582 (La. App. 1st Cir. 4/13/18), 250 So.3d 273, 291, writ denied, 2018-0770 (La. 11/14/18), 256 So.3d 290.

The testimony of the victim alone is sufficient to prove the elements of the offense. **State v. McKinney**, 2015-1503 (La. App. 1st Cir. 4/25/16), 194 So.3d 699, 705, writ denied, 2016-0992 (La. 5/12/17), 220 So.3d 747; **State v. Orgeron**, 512 So.2d 467, 469 (La. App. 1st Cir. 1987), writ denied, 519 So.2d 113 (La. 1988). When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. **State v. Captville**, 448 So.2d 676, 680 (La. 1984). The jury's verdict reflected the reasonable conclusion that, based on the testimony of M.R., Joiner, Dr. Troy, and Detective DePhillips, and the defendant's confession, the defendant raped M.R. In finding the defendant guilty, the jury clearly rejected

7

the defendant's theory of innocence. See **Captville**, 448 So.2d at 680. See also **State v. Brooks**, 2017-1755 (La. App. 1st Cir. 9/24/18), 258 So.3d 944, 951, writ denied, 2018-1718 (La. 2/25/19), 266 So.3d 289, judgment vacated on other grounds, ___ U.S. ___, 140 S.Ct. 2712, 206 L.Ed.2d 849 (2020).

After a thorough review of the record, we find the evidence supports the jury's unanimous verdict. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of the aggravated rape of M.R. See **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (per curiam).

These assignments of error are without merit.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of the defendant, David Randolph Jenkins, Sr.

**CONVICTION AND SENTENCE AFFIRMED.**